```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF VIRGINIA
                            Norfolk Division
```

**JASON SCOT WALKER,**

          **Petitioner,**

v.                                       Criminal No. 2:17cr107
                                           Civil No. 2:20cv181

**UNITED STATES OF AMERICA,**

          **Respondent.**

## OPINION AND ORDER

This matter is before the Court on Jason Scot Walker's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, ECF No. 44, and the Government's motion to dismiss Petitioner's § 2255 motion, ECF No. 47. Petitioner filed a reply in opposition to dismissal, ECF No. 48, as well as a motion seeking default judgment, ECF No. 49, and a motion for expedited review, ECF No. 52. For the reasons set forth below, the Government's motion to dismiss is **GRANTED**, and Petitioner's § 2255 motion is **DISMISSED** as untimely. Petitioner's motion seeking default judgment is **DENIED**, and his motion seeking expedited review is **DISMISSED as moot**.

### I. FACTUAL AND PROCEDURAL HISTORY

In July of 2017, Petitioner was indicted on six felony counts related to an alleged drug trafficking conspiracy. ECF No. 3. On September 8, 2017, a one-count criminal information was filed charging Petitioner with a cocaine and heroin trafficking

conspiracy. ECF No. 15. On September 11, 2017, Petitioner entered into a written plea agreement and pled guilty to the cocaine and heroin trafficking conspiracy charged in the criminal information, as well as Count Six of the indictment, which charged Petitioner with possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). ECF No. 19, at 1. In conjunction with his guilty plea, Petitioner signed a written "Statement of Facts" and stipulated that a firearm seized from the floorboard of Petitioner's vehicle on the night he was arrested had been possessed by Petitioner "in furtherance of a drug trafficking crime." ECF No. 20, at 2.

On January 22, 2018, Petitioner was sentenced to eighty-four (84) months imprisonment, consisting of 24 months on the drug trafficking count (a substantial downward variance) and 60 months consecutive on the § 924(c) firearm in furtherance count. Petitioner did not appeal his conviction or sentence, and his conviction therefore became final during the first week of February 2018, fourteen days after this Court's entry of its written judgment. See Fed. R. App. P. 4(b)(1)(A)(i).

On November 25, 2019, more than 21 months after his conviction and sentence became final, Petitioner filed a § 3582(c) motion challenging his sentence. ECF No. 38. Such motion was subsequently dismissed by this Court without prejudice to Petitioner's right to refile the same claim in a § 2255 motion,

2

although the Court warned in its Order that a § 2255 motion may be untimely. ECF No. 43. Shortly after the Court issued such Order, Petitioner filed the instant § 2255 motion. ECF No. 44.

Petitioner alleges four grounds for relief in his § 2255 motion and accompanying memorandum: (1) Petitioner is not guilty of the § 924(c) firearm offense in light of United States v. Davis, 139 S. Ct. 2319 (2019); (2) defense counsel was ineffective by failing to provide proof that Petitioner did not possess a firearm in furtherance of drug trafficking; (3) the Court erred by adopting the Presentence Investigation Report ("PSR") as there was not a sufficient indicia of reliability to support the facts therein; and (4) Petitioner's sentence was unduly harsh and erroneous. ECF No. 44, at 4-8.

In response, the Government filed a motion to dismiss Petitioner's § 2255 motion, arguing that United States v. Davis is inapplicable to Petitioner's case and that Petitioner's § 2255 motion should be dismissed as untimely. ECF No. 48. Petitioner filed a reply/opposition to dismissal, as well as two subsequent motions, and this matter is therefore ripe for review.

## II. STANDARD OF REVIEW

A § 2255 motion is essentially a statutory federal habeas corpus action that collaterally attacks a sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal. United States v. Hadden, 475 F.3d 652, 663 (4th Cir.

2007). To obtain § 2255 relief, a petitioner bears the burden of proving that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the district court "was without jurisdiction to impose such sentence," that the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A petitioner must prove the asserted grounds for relief by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

The same statute that provides the federal habeas remedy establishes a one-year limitations period within which a petitioner must file a § 2255 motion. 28 U.S.C. § 2255(f). Such limitations period begins running on the latest of the following four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. "In most cases, the limitations period expires one year after the criminal judgment becomes final" through the application of subsection (f)(1). Pettaway v. United States, No. 4:06cr98, 2018 WL 1629112, at *2 (E.D. Va. Apr. 4, 2018). Alternatively, as recognized by the Supreme Court in McQuiggin v. Perkins, 569 U.S. 383, 398-99 (2013), a petitioner advancing a "convincing" actual-innocence claim may invoke a "miscarriage of justice" exception to the limitations period set forth in § 2255(f).

Here, Petitioner does not assert that a Government-created impediment prevented him from timely filing a § 2255 motion, nor does he seek equitable tolling of the limitations period. Petitioner does, however, assert that "new case law" renders his § 2255 motion timely as to all four counts and that the "actual innocence" exception applies. Additionally, in his reply/opposition to dismissal, Petitioner asserts that "new facts" not previously discoverable support the timeliness of his motion under § 2255(f)(2), with additional references made to the "actual innocence" exception. ECF No. 48, at 2-4.

A petitioner can invoke the "new case law" alternative limitations period set forth in § 2255(f)(3) only if:

> (1) he relies on a right recognized by the Supreme Court after his judgment became final, (2) he files a motion within one year from the date on which the right asserted was initially recognized by the Supreme Court, and (3) the Supreme Court or [a lower federal] court has made the right retroactively applicable.

5

United States v. Brown, 868 F.3d 297, 301 (4th Cir. 2017) (internal quotation marks and citation omitted). As to § 2255(f)(4), which requires newly discovered facts, the limitations period "begins when the [petitioner] knows (or through diligence could discover) the important facts, not when the [petitioner] recognizes their legal significance." United States v. Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005) (quoting Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)).

### III. DISCUSSION

#### A. Timeliness based on New Case Law

For the reasons argued by the Government, ECF No. 47, at 4-6, Petitioner fails to demonstrate that United States v. Davis, 139 S. Ct. 2319 (2019), is relevant to any of the claims in this § 2255 case, thus undercutting both Petitioner's actual innocence argument and his argument under § 2255(f)(3). Davis addressed the scope and constitutionality of the statutory "residual" clause set forth in 18 U.S.C. § 924(c)(3), which is applicable only to the statutory definition of a "crime of violence." Here, Petitioner's § 924(c) firearm offense was committed in furtherance of an underlying "drug trafficking crime" as defined in § 924(c)(2), not a "crime of violence," rendering Davis wholly inapplicable to this case. Petitioner therefore fails to demonstrate that Davis renders his first or second ground for relief (or any other ground for relief) timely.

6

Petitioner's habeas filings cite a number of additional cases that are purportedly relevant to Petitioner's § 924(c) conviction, with such cases appearing to either apply the rule established in Davis or address the factual showing necessary to demonstrate a "nexus" between a firearm and an underlying drug trafficking offense. See, e.g., United States v. Rosario, 792 F. App'x 76, 79 (2d Cir. 2019) (addressing the factual nexus). To the extent such cases apply the same legal rule recognized in Davis, they are inapplicable to this case for the same reason Davis is inapplicable—because the "crime of violence" residual clause has no bearing on the statutory definition of a "drug trafficking crime." To the extent such cases analyze the factual nexus required to prove a § 924(c) offense, Petitioner fails to demonstrate that such cases apply a "new" right recently recognized by the United States Supreme Court or that such new right has been, or should be, made retroactively applicable to cases on collateral review. Such cases therefore fail to demonstrate that any claim in Petitioner's § 2255 motion is timely.

In addition to the above analysis of the § 924(c) arguments, Petitioner fails to point to any relevant case law that could render his third or fourth grounds for relief timely. Petitioner's third ground for relief asserts that the facts in his PSR were not sufficiently reliable, and his fourth ground advances a challenge to the applicable sentencing Guideline range. Petitioner's third

7

ground cites United States v. Sterling, 942 F.3d 439, 443 (8th Cir. 2019) for its discussion of the requirement that facts relied on at sentencing must have a "sufficient indicia of reliability"; however, the Eight Circuit's discussion of this issue relied on a long-established Guideline provision and circuit precedent that had been in place for nearly thirty years (and thus, was not "new"). Petitioner's fourth ground cites several federal cases, but none were decided after his sentencing, and therefore, such cases could have been raised in a timely motion filed within one year of the date Petitioner's conviction became final.

For the reasons set forth above, Petitioner fails to demonstrate that the limitations period set forth in § 2255(f)(3), or the "actual innocence" exception, applies to any of the four grounds set forth in his § 2255 motion.

### B. Timeliness based on New Facts

Although it does not appear that Petitioner clearly advances such argument until his reply/opposition to dismissal, Petitioner separately asserts that newly discovered facts render his § 2255 motion timely. ECF No. 48, at 2-4. He likewise appears to assert that newly discovered evidence could prove his actual innocence. Id.

A review of the record fails to demonstrate any "new facts" or "new evidence" that could render Petitioner's § 2255 motion timely or support a claim for actual innocence. To the extent

Petitioner relies on new case law as the new facts/evidence that he could not have previously known, new cases establishing changes in the law do not qualify as new "facts" and cannot support the extension of the limitations period pursuant to § 2255(f)(4). See Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) ("[S]ubsequent interpretations of the law can be the basis of delay in filing a § 2255 motion only in accordance with § 2255(f)(3)— not (f)(4)") (internal quotation marks omitted). To the extent that Petitioner seeks to rely on other "facts" associated with the nexus between firearms found in his home and his drug trafficking activities: (1) Petitioner's § 924(c) conviction was predicated on a gun found in his car, a gun that he admitted that he possessed in furtherance of drug trafficking, ECF No. 20, at 2; and (2) Petitioner fails to demonstrate that any facts discussed in his § 2255 filings were not available through the exercise of due diligence at the time he was sentenced in this case. See United States v. Smith, No. 3:10cr210, 2017 WL 4249632, at *3 (E.D. Va. Sept. 25, 2017) ("[T]o obtain a belated commencement of the limitation period [pursuant to § 2255(f)(4)], the applicant must explain why a reasonable investigation would not have unearthed the facts prior to the date on which his conviction became final."). Accordingly, Petitioner fails to point to any "newly discovered" facts/evidence that could render any claim of his

§ 2255 motion timely under § 2255(f)(4) or under the "actual innocence" exception.

### C. Alternative Merits Discussion

Although the Court dismisses Petitioner's § 2255 motion as untimely, the Court notes for Petitioner's benefit that, even if such motion were timely, it would be denied on the merits. Petitioner's first ground, which relies on Davis, is legally misplaced because Davis is inapplicable to a § 924(c) offense predicated on a "drug trafficking crime." Moreover, to the extent Petitioner's brief argues that there was insufficient evidence establishing a "nexus" between the firearm seized from his car and his drug trafficking crime: (1) Petitioner stipulated in his "Statement of Facts" that such nexus existed, ECF No. 20, at 2; and (2) such firearm was seized from the floorboard of Petitioner's car when he was arrested with a distribution quantity of cocaine in his pocket, id. Petitioner's second ground, which alleges ineffective assistance, is legally misplaced for the same reason as it is predicated on counsel's failure to challenge the legality of the § 924(c) residual clause.[1] Petitioner's third ground appears to advance an ineffective assistance claim based on a

---

[1] To the extent Petitioner's second ground (or third ground) focuses on firearms found in his home that purportedly belonged to others, such firearms: (1) were in fact challenged by defense counsel at sentencing; and (2) had no bearing on Petitioner's § 924(c) conviction as such conviction was predicated on the firearm found near his feet when he was removed from his car by arresting officers. ECF No. 20, at 2.

10

failure to challenge the facts in the PSR, yet Petitioner offers no evidence suggesting that such facts are inaccurate or that he was prejudiced by them; thus, such claim fails to satisfy either prong of the ineffective assistance of counsel test.[2] Petitioner's fourth and final ground also fails on the merits as it asserts that the Court imposed an illegally harsh sentence based on a failure to consider mitigating Guideline credits, and: (1) whether such claim is a direct claim of error or an ineffective assistance of counsel claim, Petitioner fails at this time to demonstrate that any sentencing error occurred; (2) the failure to apply a Guideline reduction or failure to fully consider a § 3553(a) sentencing factor is generally not a valid basis for § 2255 relief, see Johnson v. United States, 424 F. Supp. 3d 434, 445 (D. Md. 2019); and (3) as previously noted, Petitioner received a substantial downward variance in this case, which undercuts his argument that counsel provided constitutionally deficient performance and/or that the Court did not consider relevant mitigating factors at sentencing. Accordingly, while Petitioner's motion is dismissed as untimely, the claims set forth therein all lack merit on their face.

---

[2] Pursuant to Strickland v. Washington, 466 U.S. 668, 687-88 (1984), to obtain relief based on an allegation of ineffective assistance, a petitioner must establish both that: (1) counsel's performance was so deficient that it fell below an objective standard of reasonableness; and (2) counsel's inadequate performance caused the petitioner prejudice.

11

## IV. CONCLUSION

Assuming in Petitioner's favor that he should receive the benefit of the earlier filing date of his § 3582(c) motion because such pro se motion attempted to advance a claim that can only be pursued in a § 2255 motion, such motion was still filed more than nine months after the expiration of the § 2255(f)(1) limitations period. Because Petitioner fails to provide any valid basis for applying an alternative limitations period, equitable tolling, or the "actual innocence" exception to the § 2255 limitations period, the Government's motion to dismiss is **GRANTED,** and Petitioner's § 2255 motion is hereby **DISMISSED** as untimely. ECF No. 44; see Waldron v. United States, No. 7:07cr101, 2013 WL 12347358, at *1-2 (E.D.N.C. May 15, 2013) (dismissing as untimely a pro se § 2255 motion filed less than three months after the expiration of the § 2255(f)(1) limitations period). Petitioner's motion seeking "default judgment" on his § 2255 motion is **DENIED**, and the motion seeking an expedited review of Petitioner's § 2255 motion is **DISMISSED as moot**.

Finding that the procedural basis for the dismissal of Petitioner's untimely § 2255 motion is not debatable, a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); see Rules Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a); Miller-El v. Cockrell, 537 U.S. 322, 335-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-85 (2000). Petitioner is **ADVISED** that because a certificate of

appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. R. App. P. 22(b); Rules Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Fourth Circuit, he must do so **within sixty (60) days** from the date of this Opinion and Order. Petitioner may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to Petitioner and counsel of record for the Government.

**IT IS SO ORDERED.**

/s/ Mark S. Davis
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April  1 , 2021